IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CLYDE M. JOHNSON | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. JKB-16-1695 |
| THE PEOPLE OF MARYLAND, GLOCK INCORPORATED | * | |
| | * | |
| Defendants | | |

## MEMORANDUM

On June 1, 2016, Clyde M. Johnson, a resident of Baltimore, Maryland, filed a civil action against a firearm manufacturer and the State of Maryland, seeking $10,000,000 in damages.[1] ECF No. 1. Accompanying the complaint was a Motion for Leave to Proceed in Forma Pauperis (ECF No. 2) that shall be granted.

Because Johnson seeks to proceed in forma pauperis, the court must screen his complaint. *See* 28 U.S.C. § 1915(e)(2)(B) (2012); *Michau v. Charleston Cty.*, 434 F.3d 725, 728 (4th Cir. 2006). As part of its screening process, the court may consider whether the complaint fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

The standard for determining whether a plaintiff has failed to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as the standard for reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). Accordingly, Johnson's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of

---

[1] Johnson did not provide summons with his pleadings. He shall not be required to correct this deficiency.

the elements of a cause of action, supported by mere conclusory statements, [will] not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

Although Johnson is not required to forecast evidence to prove the elements of his claims, his Complaint must allege sufficient facts to establish each element. *Goss v. Bank of Am., N.A.*, 917 F. Supp. 2d 445, 449 (D. Md. 2013) (quoting *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012)), *aff'd sub nom., Goss v. Bank of Am., NA*, 546 F. App'x 165 (4th Cir. 2013). Johnson's allegations must give defendants fair notice of what his claims are and the grounds upon which they rest. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Additionally, when reviewing Johnson's complaint to determine whether it states a claim, the court must construe it liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

This court is not obliged to ferret through a complaint, searching for viable claims. Johnson's complaint "places an unjustifiable burden on defendants to determine the nature of the claim against them and to speculate on what their defenses might be" and imposes a burden on the court to sort out the factual basis of any claims fairly raised, making dismissal appropriate. *Holsey v. Collins*, 90 F.R.D. 122 (D. Md. 1981) (quoting *DeFina v. Latimer*, 79 F.R.D. 5, 7 (E.D.N.Y. 1977)); *see also Spencer v. Hedges*, 838 F.2d 1210 (4th Cir. 1988) (dismissing complaint because "pleadings are so cryptic and disjointed that it is nearly impossible to intelligently analyze the substance of his claims").

Here, the complaint does not provide this court or any potential defendants fair notice of the claims and facts upon which they are based. Broadly construed, it appears that Johnson was shot and/or threatened by a firearm in 1996 and again in 2007. There are no details regarding the incident and nothing in the complaint suggests that the firearm allegedly manufactured by

Glock was defective or that the defect caused an injury.  *See Athey v. Nat'l Survival Games, Inc.*, 955 F.2d 40 (4th Cir. 1992) (citing *Phipps v. Gen. Motors Corp.*, 363 A.2d 955 (Md. 1976)).  Further, nothing is alleged against the State of Maryland.  Thus, the court will dismiss the complaint without prejudice for the failure to state a claim.

    A separate Order follows.


Date:   June 3, 2016　　　　　　　　　　　　_____/s/_____
                                                       James K. Bredar
                                                       United States District Judge